113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret CARLOS, Defendant-Appellant.
 No. 96-50185.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1997.
Decided May 6, 1997.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Margaret Carlos ("Carlos") appeals her conviction following a jury trial of two counts of delay of mail and theft of mail, 18 U.S.C. §§ 1703(a) and 1709, respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court did not abuse its discretion when it precluded the defense from cross-examining a Postal Service investigator about whether he complied with proper procedures during the investigation of Carlos because the investigator's compliance was not relevant. Furthermore, even if the district court's rulings were an abuse of discretion, any error was harmless. We therefore affirm the conviction.
 
 BACKGROUND
 
 4
 Carlos was a U.S. postal carrier. After receiving a tip that Carlos was stealing letters containing checks, the Postal Service conducted an investigatory "test" whereby postal investigators placed 12 letters addressed to people not on Carlos' route in her mailbag. Two of these letters contained checks. The investigators observed Carlos fail to return one of the letters containing a check and subsequently detained and searched her. During the search, the investigators found in Carlos' possession two letters containing checks which she was unauthorized to possess, one of which had been placed in her bag as part of the investigation.
 
 
 5
 Before and during trial, the defense attempted to show that Postal Inspector Redden, who orchestrated the investigatory test, was biased and may have planted the letters on Carlos. In order to expose Redden's bias, defense counsel attempted to introduce evidence of Redden's failure to follow what the defense presumed to be standard postal investigative procedures. Contrary to these procedures, Redden failed to obtain permission from the addressees on the "test letters" before using their letters.
 
 ANALYSIS
 
 6
 A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996). Such decisions will be reversed for an abuse of discretion only if such nonconstitutional error more likely than not affected the verdict. United States v. Karterman, 60 F.3d 576, 578 (9th Cir.1995).
 
 
 7
 Likewise, the trial court's decision to limit the scope of cross-examination is reviewed for an abuse of discretion. United States v. Dudden, 65 F.3d 1461 (9th Cir.1995). "The trial court does not abuse its discretion so long as the jury receives sufficient information to appraise the biases and motivations of the witnesses." United States v. Manning, 76 F.3d 1188, 1197 (9th Cir.1995) (internal quotations omitted). The trial court may properly exclude evidence on cross-examination that is only marginally relevant. United States v. Komisaruk, 885 F.2d 490 (9th Cir.1989). However, whether limitations on cross-examination violated a defendant's right of confrontation is reviewed de novo. United States v. Marbella, 73 F.3d 1508, 1513 (9th Cir.), cert. denied, 116 S.Ct. 2555 (1996).
 
 
 8
 To bolster its theory that Redden was biased against Carlos, the defense subpoenaed Postal Service procedures manuals and attempted to cross-examine Redden on his noncompliance with those procedures. The trial court granted the government's motion to quash the subpoena of the procedures manual because 1) it was not relevant to Redden's credibility, and 2) it lacked probative value and would unduly confuse the jury. The district court also sustained the government's relevance objection to cross-examination on the subject of Redden's compliance with postal procedures.
 
 
 9
 Carlos argues on appeal that the district court's denial of access to the procedures manual and its restrictions on Carlos' ability to cross-examine Redden on this issue impeded her constitutional right to confront the witness against her. The government invokes this court's decision in United States v. Miller for the sweeping proposition that "policy manuals simply are not relevant to the defendant's guilt." 874 F.2d 1255, 1266 (9th Cir.1989). Although in this case, Redden's failure to follow the procedures manual is not relevant, Miller does not hold that the failure to follow procedures manuals is always irrelevant to prove bias against a defendant.
 
 
 10
 In Miller, the defendant sought to admit evidence that the FBI agents who interrogated him violated the FBI Manual of Administrative Operations and Procedures ("MAOP"). There, the defendant argued that the jury should have been allowed to consider this fact as evidence of the agents' bias. This court found that "[t]he fact that the procedures may have been technical violations of the MAOP is at best weak evidence of bias." Id. However, the defendant was allowed to cross examine the agents and "extensively explore[ ] the quality of the investigation and the possible bias that it may indicate...." Thus, the marginal additional probative value of the possible technical MAOP violation was only slight.
 
 
 11
 In the case at bar, whether Redden failed to obtain permission from the addressees of the "test letters" was not relevant to whether Carlos committed the crimes charged or to Redden's bias. Such procedures are intended to protect the addressees, not the postal worker under investigation. While Redden's failure to abide by these procedures may show that he is careless, it is not relevant to show bias against Carlos or lack of credibility as a government witness. Thus, even if Redden did violate procedures by failing to obtain the permission of the addressees, the district court did not abuse its discretion in ruling that this line of questioning was not relevant to show Redden's bias against Carlos.
 
 
 12
 Even if Redden's credibility had been impeached by evidence of his failure to follow proper procedures, the error was harmless because Redden's trial testimony was corroborated by other government witnesses. Each of the corroborating witnesses actively participated with Redden in the investigation and the test. Their testimony alone was sufficient to support a verdict of guilt beyond a reasonable doubt.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3